the ground and injured. Plaintiff recovered a judgment for three hundred and fifty dollars, and to reverse the judgment defendant brings error.

JOHN CLARK BAKER, for plaintiff in error.

WILLIAM A. BOWLES and JAMES E. BOWLES, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 571*—*burden of proof in suit by servant for injuries.* In an action for personal injuries sustained by plaintiff while employed by defendant in loading cars with ice, it appeared that the injury was caused by a defective chute, which gave way when plaintiff dumped ice therein. *Held* that it was incumbent upon plaintiff to prove not only the defect but that he did not know of it and did not have equal opportunities with his master of knowing it, and that in the absence of such proof refusal of court to direct a verdict for defendant was error.

---

## United Breweries Company, Plaintiff in Error, v. G. Bernard Anderson, Administrator, and Edward Swartz, Defendant in Error.

### Gen. No. 19,197. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

### Statement of the Case.

Action by United Breweries Company, a corporation, against G. Bernard Anderson, administrator of the estate of Alfred Kinell, ··d Edward Swartz, for

---

the conversion of certain saloon fixtures which the un-disputed evidence in the record shows the plaintiff owned. The verdict was for defendant and the judgment against plaintiff for costs. To reverse the judgment, plaintiff prosecutes a writ of error.

The testimony in plaintiff's behalf was in substance that it owned said fixtures and that it allowed Alfred Kinell, since deceased, to use them as long as he purchased its beer; that such arrangement was in force when he died; that Anderson, after the administration of the estate, took possession of the property and inventoried it among the assets, and refused to deliver up the same to plaintiff on its demand, and subsequently sold it to defendant Swartz.

RUBENS, FISCHER & MOSSER, for plaintiff in error.

ANDERSON, ANDERSON & ANDERSON, for defendants in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. TROVER AND CONVERSION, § 38*—*admissibility of evidence.* In an action for the conversion of certain saloon fixtures, evidence that the defendant's intestate took out two fire insurance policies on the property in his lifetime, *held* to amount to nothing more than self-serving declarations, and incompetent on issue of ownership.

2. LIMITATION OF ACTIONS, § 120*—*when question whether statute had run should not be submitted to jury by instructions.* Where the undisputed evidence shows the statute of limitations has not run, it is error for the court, under its instructions, to leave to the jury as a matter of fact whether it had run.

3. MUNICIPAL COURT OF CHICAGO, § 29*—*when rules of court not presented for review.* Appellate Court cannot take judicial notice of a rule of the Municipal Court as to the practice in such court with reference to objections to oral instructions, where such rule does not appear in the record.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.